UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| V. | ) | Case No. 21-cr-10243-GAO |
| BARNDOL SUONG | ) ) ) | |

## DEFENDANT BARNDOL SUONG'S MOTION TO SUPPRESS AND REQUEST FOR HEARING PURSUANT TO LOCAL RULE 7.1(d)

Defendant Barndol Suong hereby moves this Court to suppress any and all fruits of the search of his residence at and in 71 Corbett Street, Lowell, MA on June 10, 2021, pursuant to a search warrant, including but not limited to all statements obtained from the defendant, where the Application for Search Warrant and Supporting Affidavit (1) fail to establish nexus to the premises at 71 Corbett Street, Lowell MA because no showing was made that contraband or evidence was likely to be found there at the time of execution of the warrant, (2) fail to support probable cause for the issuance of the warrant as to 71 Corbett Street, Lowell, MA, (3) fail to establish that the one individual transaction relied upon to establish probable cause was insufficient to establish probable cause as the isolated transaction involved a parcel which, being retrieved at a post office and never shown to have come from or arrived at the at the defendant's home, cannot establish that the defendant was engaged in the distribution of drugs and does not involve the defendant's residence and (4) where no police officer could have harbored an objectively reasonable belief in the existence of nexus or probable cause.

Barndol Suong relies upon the following facts, as set forth more fully in the exhibits attached to the Affidavit of James B. Krasnoo, Esq. and the Memorandum of Law, all filed

herewith and in the Affidavit of Barndol Suong to be filed as soon as it is received from the defendant incarcerated at the Plymouth County House of Correction:

1. In the within criminal case, Defendant solely is charged with being a felon in possession of a firearm.

2. The charge arises out of the discovery of the firearm, ammunition and uncharged drugs during the execution of a search warrant at Barndol Suong's residence at 71 Corbett Street, Lowell MA on June 10, 2021.

3. As of June 10, 2021 Mr. Suong was living, and had for several months been living, at that residence. His identifying papers were found at the premises during the search. Barndol Suong has standing to challenge the search of his home.

4. On June 9, 2021, FBI Special Agent Matthew Zaremba applied to the United States District Court for the District of Massachusetts, for a warrant to search the residence. At about 3:45 p.m. on June 9, 2021, the Honorable Donald L. Cabell, U.S. Magistrate Judge approved the application and issued a search warrant for the residence, for any telephones located on the premises, and any evidence of drug trafficking.

5. On June 10, 2021, several FBI agents executed the search warrant at the residence. During the search, Barndol Soung was arrested. Several items were seized from various rooms within the apartment during the search, including guns, ammunition, boxes of ammunition, empty boxes that did not contain ammunition, identifying papers of the defendant, telephones, ipad and computers, and 3 bags of suspected drugs, two bags of which when tested were not controlled substances and one bag of which allegedly contained a small amount of MDMA. The agents also engaged Barndol Suong in conversation and elicited statements from him.

6.      The totality of the circumstances described in the Application for Search Warrant and Supporting Affidavit of June 9, **2021** demonstrate the search warrant to be unsupported by probable cause and unable to demonstrate nexus to justify the search warrant.  Among other things, as set forth more fully in the memorandum of law, filed herewith, the Application for Search Warrant And Supporting Affidavit (1) rely heavily on stale information over seven months old at the time of the application, concerning a Post Office Parcel 53523 brought to the post office on November 3, **2020** and allegedly the subject matter of unrecorded phonecalls and /or texts between Barndol Suong and Sarath Yut between November 3 through November 20, 2021 (2) fail to set forth any basis of knowledge for several assertions, including, without limitation, that 71 Corbett Street, Lowell, MA is apt to have evidence and/or cellphones relating to drug trafficking (3) fail to demonstrate sufficient "nexus" between Yut's drug transactions and 71 Corbett Street, Lowell, MA at which not a single drug transaction occurred between Suong and anyone else, (4) fail to demonstrate any basis for the issuing magistrate to determine the reliability, veracity or basis of knowledge of Agent Zaremba, other than his boilerplate assertions of familiarity with drug cases for his assertion that evidence of drug trafficking would be found at 71 Corbett Street, Lowell, MA.  The circumstances described in the application for the warrant fail to establish a "fair probability that contraband or evidence of a crime [would] be found" on June 9 or 10, 2021 within the residence at 71 Corbett Street, Lowell, MA.  Thus, the entry into, and search of, the residence violated Mr. Suong's rights to be free from unreasonable searches and seizures under the Fourth Amendment to the United States Constitution.

7.      Suppression of any and all fruits of the unconstitutional searches and seizures is the appropriate remedy, where no federal agent, on the basis of the "facts" asserted, could have harbored an objectively reasonable belief in the existence of probable cause.

**REQUEST FOR HEARING PURSUANT TO LOCAL RULE 7.1**

8. Pursuant to L.R. 7.1(a)(2), the legal authority supporting the within motion is set forth in the Memorandum of Law in Support of Defendant Barndol Suong's Motion to Suppress, filed herewith. Because the memorandum does exceed 20 pages, counsel is filing a motion for leave of court to exceed the 20-page limit imposed by Local Rule 7.1(b)(4).

9. Because undersigned counsel believes the within motion may be case dispositive, counsel has not sought to obtain concurrence pursuant to L.R. 7.1(c).

10. Because undersigned counsel has already generally discussed the grounds of the motion with AUSA Wyshak during hearings before the Magistrate, in which the AUSA stated that he will oppose, counsel has not sought to obtain concurrence pursuant to L.R. 7.1(c).

11. Pursuant to L.R. 7.1(d), the defendant believes that oral argument may provide assistance to the Court, where, among other things, (1) the within motion to suppress is likely case dispositive, (2) the within motion contains a relatively complex albeit subtle factual situation, and (3) the parties may be able to clarify the record for the benefit of the Court.

**WHEREFORE**, for all the foregoing reasons, Defendant Barndol Suong respectfully requests that this Court GRANT the within motion and SUPPRESS any and all fruits of the June 10, 2021 search of the residence at 71 Corbett Street, Lowell, MA and allows the defendant's Request for Hearing pursuant to Local Rule 7.1.

>Defendant
>Barndol Suong
>By His Attorney,
>
>*/s/ James B. Krasnoo*
>James B.Krasnoo (Bar No. 273900)
>jkrasnoo@kkf-attorneys.com
>Krasnoo, Klehm and Falkner, LLP
>28 Andover Street, Suite 240
>Andover, MA  01810

|  |  |
|---|---|
| Dated:  December 13, 2021 | (978) 475-9955 (telephone)<br>(978) 474-9005 (facsimile) |

### CERTIFICATE OF SERVICE

I hereby certify that I served a true copy of the within document upon the attorney of record for each other party via the Court's ecf system on December 13, 2021.

*/s/ James B Kr*asnoo
James B. Krasnoo

5