UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V.  ) | Case No. 21-cr-10243-GAO |
| ) | |
| BARNDOL SUONG ) | |

**DEFENDANT BARNDOL SUONG'S MOTION TO DISMISS INDICTMENT FOR VIOLATION OF 18 U.S.C. § 3161 (h)(1)(H) OF THE SPEEDY TRIAL ACT**

Defendant Bandol Suong hereby moves that this Court dismiss the indictment because of violation of 18 U.S.C. § 3161 (h)(1)(H) of the Speedy Trial Act and assigns as reasons therefor the following:

1. In the within criminal case, Defendant on August 11, 2021, solely was charged with being a felon in possession of a firearm. (Doc. 21)

2. The Defendant was charged with the identical offense in a complaint on June 10, 2021. (Doc. 1)

3. The Defendant has been in custody since June 10, 2021.

4. On June 14, 2021, the United States Magistrate held a detention and preliminary hearing as a result of which he, on June 17, 2021, ordered the Defendant detained pending trial. (Docs. 8, 9)

5. On June 24, 2021, the Defendant by motion sought review of the Magistrate's order of detention and asked that a determination on this motion be held in abeyance until it could be supplemented with a reference to the detention transcript – a transcript which was filed with the Court on July 12, 2021. (Docs. 13, 16)

6. On July 19, 2021, the Defendant supplemented his motion seeking review of the detention order. (Doc. 18)

7. On August 2, 2021, the Government filed its opposition to Defendant's seeking review of the Magistrate's detention order.

8. Since August 2, 2021 to the present, there has been no ruling on the Defendant's seeking review of the Magistrate's detention order.

9. The Defendant, on October 11, 2021, and again on November 12, 2021, has noted in the Joint Memoranda of the Parties that more than 30 days have passed since the motion has been pending. As no decision on the motion has been rendered on or before September 2, 2021, all time thereafter (which is from September 3, 2021 to the present, January 10, 2022) is no longer to be excluded under the Speedy Trial Act. See 18 U.S.C. § 3161 (h)(1)(H); *United States v. Crooker*, 2011 U.S. Dist. LEXIS 4498* 12-15, 2011 WL 147687 (D. Mass. 2011); *Henderson v. United States*, 476 U.S. 321, 329, 106 S. Ct. 1871, 90 L. Ed. 2d 299 (1986); *United States v. Scott*, 270 F. 3d 30, 55 (1st Cir. 2001) and that he objects to the exclusion thereof. (Docs. 30, 35).

10. In *United States v. Crooker*, *id*, Judge Woodlock analyzes and applies this section of law:

> The Speedy Trial Act excludes the "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(D). This provision has been interpreted to mean that (1) if a motion requires a hearing, all time from filing through the hearing is excluded, and (2) if no hearing is required the motion must be "promptly disposed of" and the time prior to that prompt disposition is excluded. *Henderson v. United States*, 476 U.S. 321, 329, 106 S. Ct. 1871, 90 L. Ed. 2d 299 (1986). Courts are limited in the time they may take to consider a motion because the Act excludes only the "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court." 18 U.S.C. § 3161(h)(1)(H). That is, "[o]nce the motion is 'actually under advisement,' the trial court has up to 30 excludable days to decide

it." *United States v. Scott*, 270 F.3d 30, 55 (1st Cir. 2001). For motions that require a hearing, a court must decide the motion within thirty days of the hearing; for matters decided on the papers alone, the decision must be made within thirty days of the last submission. *Id*. at 56 (citing *Henderson*, 476 U.S. at 329). However, "the time between the filing of the motion and the hearing on the motion, and the period of time to obtain additional filings needed for disposition of the motion" are "periods of exclusion . . . which are unrestricted in time" and thus not subject to the thirty day time limit. *Id*.

It is generally unnecessary to inquire into the cause or magnitude of the delay resulting from motions, apart from applying the thirty-day limit on motions under advisement. "[T]he pendency of a pretrial motion is excludable time regardless of its type or its actual effect on the trial." *United States v. Hood*, 469 F.3d 7, 10 (1st Cir. 2006). In particular, when a hearing is required, the Act "excludes the time between the filing of the motion and the hearing on that motion, even if the delay is overlong, inexplicable, or unreasonable." *United States v. Staula*, 80 F.3d 596, 601 (1st Cir. 1996); *see also United States v. Salimonu*, 182 F.3d 63, 69 (1st Cir. 1999) ("[A]s long as a hearing on the motion is to be conducted before trial, the delay until the hearing automatically should be considered delay 'resulting from' a pretrial motion.").

11. Because September 3, 2021 to January 10, 2022 is more than 70 days which should not be excluded, the Defendant's matter should be dismissed for violation of the Speedy Trial Act, as neither the Defendant nor the Government has caused this delay.

12. The Court needs no hearing and is able to decide this Motion on the papers as the transcript of the Magistrate's hearing of detention and the Exhibits filed at that hearing are before the Court and as the Motion seeks review of the detention order and needs no further evidence.

13. During the entire time the Court has had the motion pending before him, he has never required a hearing.

3

14. On December 13, 2021, 101 days after the 30 days ran from the date of filing the motion for review of the Magistrate's detention order, Defendant filed his motion to suppress any and all fruits of the search of a residence in 71 Corbett Street, Lowell, MA on June 10, 2021, pursuant to a search warrant, where the Application for Search Warrant and Supporting Affidavit (1) fail to establish nexus to the premises at 71 Corbett Street, Lowell MA because no showing was made that contraband or evidence was likely to be found there at the time of execution of the warrant, (2) fail to support probable cause for the issuance of the warrant as to 71 Corbett Street, Lowell, MA, (3) fail to establish that the one individual transaction relied upon to establish probable cause was insufficient to establish probable cause as the isolated transaction involved a parcel, which, being retrieved at a post office and never shown to have come from or arrived at the defendant's home, cannot establish that the defendant was engaged in the distribution of drugs and does not involve the defendant's residence, and (4) where no police officer could have harbored an objectively reasonable belief in the existence of nexus or probable cause. (Doc. 40)

15. Defendant has filed his Affidavit on December 21, 2021 (Doc. 44), the affidavit of James B. Krasnoo with attached exhibits on December 13, 2021 (Doc. 42) and his motion for leave to file his memorandum in excess of 20 pages in support of his motion to suppress (Doc. 41). A copy of the proposed memorandum, addressing several issues raised by the allegations of the 47-page application filed in support of the search warrant, is attached as an exhibit to the defendant's

motion seeking leave to file his memorandum in excess of 20 pages but has not yet been acted upon by the Court. (See entirety of docket entries)

16. While the filing of a pretrial motion normally stops the Speedy trial clock from running, in this case, as the 70 days had already run before the Motion to Suppress was even filed, the Motion to Suppress does not "revitalize" the Speedy trial clock so as to permit the indictment to withstand dismissal.

17. The Defendant relies upon the Docket Entries in the case at bar for all the facts recited above and incorporates by reference the Docket Entries as if they were an exhibit hereto and as if the contents of the entries relied upon herein were each set forth separately as an exhibit.

**WHEREFORE**, for all the foregoing reasons, Defendant Barndol Suong respectfully requests that this Court GRANT the within motion to dismiss.

Defendant
BARNDOL SUONG
By His Attorney,
*/s/ James B. Krasnoo*
James B. Krasnoo (Bar No. 273900)
jkrasnoo@kkf-attorneys.com
Krasnoo, Klehm and Falkner, LLP
28 Andover Street, Suite 240
Andover, MA  01810
(978) 475-9955 (telephone)
Dated:  January 10, 2022
(978) 474-9005 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that I served a true copy of the within document upon the attorney of record for each other party via the Court's ecf system on January 10, 2022.

*/s/ James B Krasnoo*
James B. Krasnoo